### In re RELIABLE BOTTLE BOX CO.

#### (District Court, E. D. New York. October 19, 1912.)

**1. BANKRUPTCY (§ 114*)—RECEIVERS—ACCOUNT—SETTLEMENT.**

Where the account of a bankrupt's receiver had been settled and the amount due determined by a court of competent jurisdiction, he could be ordered to pay the balance into court by summary order, and his surety could be held liable therefor in case of the receiver's failure.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 164–166; Dec. Dig. § 114.*]

**2. BANKRUPTCY (§ 114*)—RECEIVERS—ACCOUNTING—FUNDS.**

Where the account of a bankrupt's receiver had been settled, and he had been ordered to pay over the balance found due, his ability to do so was not measured by the funds or property of the bankrupt estate, though such funds could be used to diminish his personal liability; a determination that he was personally liable for the expenses of the receivership being determinative of the fact that he could not rely on the estate, except to reduce the deficit.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 164–166; Dec. Dig. § 114.*]

In Bankruptcy. In the matter of bankruptcy proceedings of the Reliable Bottle Box Company. On motion for an order compelling

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

a former receiver to pay $1,583.40, with which his account was surcharged. Motion granted.

Conway, Williams & Kelly, of New York City, for trustee.

John M. Coleman, of New York City, for respondent.

CHATFIELD, District Judge. This motion is for an order compelling the former receiver herein to pay the sum of $1,583.40, with which amount his account as receiver was surcharged, and also to punish him for contempt for failure to obey a subsequent order to pay at once three items included in the above total. The language of the order surcharging the account is as follows:

"Ordered, that the account of Charles Soble, as custodian or receiver under the order entered herein on the 6th day of April, 1912, is hereby surcharged with the sum of sixteen hundred twenty-one dollars and six cents ($1,621.06), being the amount of merchandise shipped by him as said custodian or receiver, and payment for which is uncollected."

The amount in question was subject to certain deductions or credits claimed by the receiver, which reduce its amount to $1,583.40; but the court sees no reason why the last amount should not be paid.

[1] As to the items ordered paid separately, the receiver is in contempt. He is an officer of the court and under bond. His account has been settled properly and the amount due determined by this court, which plainly had jurisdiction. He can be ordered to pay by a summary order, and his surety can be held liable if he does not make good; but the court can also compel him to pay the amount if he is able so to do.

[2] His ability is to be measured by the funds he can apply thereto, and is not limited to property or funds of the bankrupt estate. Any such funds could be used to diminish his personal liability, but the determination that he is personally liable for the expense of the receivership settles, also, that he cannot rely upon the estate, except to reduce the deficit.

Motion granted.